IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON MARIE JENKINS | : | CIVIL ACTION |
| v. | : | |
| ROBERT DUFFY, et al. | : | NO. 13-5181 |

MEMORANDUM

ROBRENO, J.                                             SEPTEMBER 10, 2013

Plaintiff Sharon Marie Jenkins, who seeks to proceed in forma pauperis, brought this civil action against numerous defendants. She claims that the defendants stole a "MEGA-Fortune from [her] paternal father's vast MEGA Fortune Estate and committed the murdering of [her] family members to keep [their] inheritance by committing fraud through Identify Theft and the Fraudulent reading of [her] paternal father's will." (Compl. ¶ V.) Attachments to the complaint provide further details as to how plaintiff believes that the defendants carried out their alleged theft. As a result, plaintiff claims to have suffered, among other things, sexual assault, psycholocical abuse, "HIV + Contamination and Exposure AIDS Exposure," and various types of cancer, including "Brain Cancer by burning out the Brain." (Id. ¶ V.) She has also identified property that she believes she is entitled to, including, among other things, a United States Postal Service Building and various hotels, inns, and corporate property.

Plaintiff's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C.

1

§ 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). It is legally baseless if it is "based on an indisputably meritless legal theory," Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The Court will dismiss the complaint as factually frivolous. Plaintiff's allegations lack a basis in reality and rise to the level of the wholly incredible. Plaintiff will not be given leave to amend because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.